**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 5:08CV-P26-R**

**JONATHAN LEE RICHES**                                                              **PETITIONER**

**v.**

**DAVID M. SAHAKIAN**
**FCI-WILLIAMSBURG**                                                                 **RESPONDENTS**

## MEMORANDUM & ORDER

Petitioner Jonathan Lee Riches, a federal prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1). Petitioner reports that he is forced to spend the remainder of his federal sentence at FCI-Williamsburg, having been denied placement in "a halfway house with programs of rehabilitation."

On preliminary review, the Court concludes that it is without jurisdiction to consider the petition, as "courts have uniformly held . . . that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian." *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (citations omitted); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) ("The plain language of the habeas statute [] confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement."); *see also United States v. Jenkins*, 4 F. App'x 241 (6th Cir. 2001) (concluding that the Western District of Kentucky properly determined that it lacked jurisdiction to consider the § 2241 petition filed while the petitioner was confined in the Federal Correctional Institution in Manchester, Kentucky, which is located in the London Division of the Eastern District of Kentucky).

Pursuant to 28 U.S.C. § 1631, "Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed, . . . ." In the present case, Petitioner is incarcerated in FCI-Williamsburg, which is located in the District of South Carolina. *See* 28 U.S.C. § 121(3). In the interest of justice, this Court will transfer this action to that court.

**WHEREFORE, IT IS ORDERED** that the instant action filed pursuant to 28 U.S.C. § 2241 is **TRANSFERRED to the United States District Court for the District of South Carolina, Florence Division,** pursuant to 28 U.S.C. § 1631.

Date:

cc:     Petitioner, *pro se*
        United States Attorney
        Clerk, District of South Carolina, McMillan Federal Building, 401 West Evans St., Florence, SC 29501
4413.005